UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**NICOLE REX,**

   **Plaintiff,**

**v.**                                                   **Civil Action No. 5:15-cv-01017**
                                                         **Honorable Irene Berger**

**WEST VIRGINIA SCHOOL OF
OSTEOPATHIC MEDICINE, MICHAEL
ADELMAN in his official and individual
capacity, LESLIE BICKSLER in her
official and individual capacity, ELAINE
SOPER in her official and individual
capacity, and JEFFREY SHAWVER in his
official and individual capacity, and
TIFFANY WRIGHT,**

   **Defendants.**

## DEFENDANTS WEST VIRGINIA SCHOOL OF OSTEOPATHIC MEDICINE, MICHAEL ADELMAN, LESLIE BICKSLER AND ELAINE SOPER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**COME NOW**, Defendants West Virginia School of Osteopathic Medicine ("WVSOM"), Michael Adelman, Leslie Bicksler and Elaine Soper, by counsel, Bailey & Wyant, PLLC, David E. Schumacher and Michael W. Taylor, and for their Answer to Plaintiff's Amended Complaint, hereby state and aver as follows:

## ANSWER

1.      These Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and demand strict proof thereof.

2.      These Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and demand strict proof thereof.

1

3.      Paragraph 3 contains a description of Plaintiff's Amended Complaint and legal conclusions as to claims advanced, to which no response is necessary.  To the extent a response is necessary, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

4.      Paragraph 4 of Plaintiff's Amended Complaint contains legal conclusions for which no response is necessary.  To the extent a response is necessary, these Defendants admit that Plaintiff has made allegations of claims arising under the Constitution and/or laws of the United States.  However, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

5.      Paragraph 5 of Plaintiff's Amended Complaint contains legal conclusions for which no response is necessary.  To the extent a response is necessary, these Defendants admit that Plaintiff has made allegations of claims that provide this Court with subject matter jurisdiction under 28 U.S.C. § 1343.  However, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

6.      Paragraph 6 of Plaintiff's Amended Complaint contains legal conclusions for which no response is necessary.  To the extent a response is necessary, these Defendants admit that all defendants reside or resided in this judicial district and that the events alleged by Plaintiff occurred in this district.  However, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

7.      These Defendants are without sufficient information or knowledge as to where Plaintiff currently resides and therefore, deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and demand strict proof thereof.

8.      These Defendants admit that the events alleged occurred during Plaintiff's first year attending WVSOM.  However, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

9.      These Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

2

10.     These Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.     These Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.     These Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Jeffrey Shawver has been dismissed from this action and therefore, these Defendants deny that Mr. Shawver is a defendant in this matter.  However, these Defendants admit that Mr. Shawver is WVSOM's General Counsel.

14.     Paragraph 14 of Plaintiff's Amended Complaint contains legal conclusions for which no response is necessary.

15.     Paragraph 15 of Plaintiff's Amended Complaint contains legal conclusions for which no response is necessary.  To the extent a response is necessary, these Defendants assert that what Title IX requires is outlined in Title IX and incorporates Title IX, as a whole, in response to this Paragraph.  Further, these Defendants deny that WVSOM lacked Title IX policies and procedures at the time of the events alleged in the Amended Complaint.

16.     These Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and demand strict proof thereof.

17.     These Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint and demand strict proof thereof.

18.     These Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint and demand strict proof thereof.

19.     These Defendants deny the allegations contained in Paragraph 19 of Plaintiff's

3

Amended Complaint and demand strict proof thereof.

20.     These Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and demand strict proof thereof.

21.     These Defendants admit that WVSOM's Title IX policy has undergone revisions since 2012.

22.     These Defendants are without sufficient information or knowledge to admit or deny the allegation contained in Paragraph 22 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

23.     These Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and demand strict proof thereof.

24.     These Defendants are without personal knowledge as to the truth or veracity of the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.  However, upon information and belief, these Defendants admit Paragraph 24 of Plaintiff's Amended Complaint.

25.     These Defendants are without personal knowledge as to the truth or veracity of the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.  However, upon information and belief, these Defendants admit that McGuinness and Plaintiff shared shots of Jagermeister during the evening.  As for the remaining allegations, these Defendants are without sufficient information, knowledge or belief to admit or deny these remaining allegations and therefore, deny the same and demand strict proof thereof.

26.      These Defendants are without personal knowledge as to the truth or veracity of the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.  However, upon information and belief, these Defendants admit Paragraph 26 of Plaintiff's Amended Complaint.

27.     These Defendants are without sufficient information, knowledge or belief to admit or

deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

28.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

29.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

30.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

31.     These Defendants admit that they received a report submitted by Plaintiff that indicates a positive finding for GHB, but said report indicated that the levels were within the endogenous levels.

32.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

33.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

34.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

35.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

36.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

37.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

38.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

39.     These Defendants are without sufficient information, knowledge or belief to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

40.     These Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint and demand strict proof thereof.

41.     Upon information and belief, these Defendants admit that one of Plaintiff's friends emailed John A. Schriefer, Associate Dean for Pre-Clinical Education to request a meeting for Nicole the next day.  As for the remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, these Defendants deny the same and demand strict proof thereof.

42.     Upon information and belief, on September 6, 2012, Plaintiff and Dean Schriefer met.  As for the remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, these

Defendants are without sufficient information or knowledge to admit or deny and therefore, deny the same and demand strict proof thereof.

43.     Upon information and belief, on September 6, 2012, Plaintiff and Dean Schriefer met wherein the alleged events of the weekend were discussed.  As for the remaining allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, these Defendants are without sufficient information or knowledge to admit or deny and therefore, deny the same and demand strict proof thereof.

44.     Upon information and belief, on September 6, 2012, Plaintiff and Dean Schriefer met wherein the alleged events of the weekend were discussed.  As for the remaining allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, these Defendants are without sufficient information or knowledge to admit or deny and therefore, deny the same and demand strict proof thereof.

45.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

46.     These Defendants are without sufficient information or knowledge to admit or deny what Dean Schriefer advised Plaintiff and therefore, deny the same and demand strict proof thereof. As for the remaining allegations of Paragraph 46, these Defendants deny the same and demand strict proof thereof.

47.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint and therefore, deny the

same and demand strict proof thereof.

49.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

50.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51.     These Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint and demand strict proof thereof.

52.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

53.     These Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint and demand strict proof thereof.

54.     These Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and demand strict proof thereof.

55.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

56.     These Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and demand strict proof thereof.

57.     These Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint and demand strict proof thereof.

58.     These Defendants deny the allegations contained in Paragraph 58 of Plaintiff's

Amended Complaint and demand strict proof thereof.

59.    These Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint and demand strict proof thereof.

60.    These Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint and demand strict proof thereof.

61.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

62.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

63.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

64.    Upon information and belief, these Defendants admit the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.    Upon information and belief, these Defendants admit that a Greenbrier County Court issued a Temporary Personal Safety Order against McGuinness.

66.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

67.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint and therefore, deny the

same and demand strict proof thereof.

68.     These Defendants admit that Plaintiff filed a Complaint with Dr. Elaine Soper on September 12, 2012.  As for the remaining allegations contained in Paragraph 68 of Plaintiff's Amended Complaint, these Defendants are without sufficient information or knowledge to admit or deny these remaining allegations and therefore, deny the same and demand strict proof thereof.

69.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

70.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

71.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

72.     These Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint and demand strict proof thereof.

73.     These Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint and demand strict proof thereof.

74.     These Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint and demand strict proof thereof.

75.     These Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint and demand strict proof thereof.

76.     These Defendants deny the allegations contained in Paragraph 76 of Plaintiff's

Amended Complaint and demand strict proof thereof.

77.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

78.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

79.     These Defendants admit that, pursuant to common industry practice regarding the investigation of Title IX complaints, a mutual no contact order was issued to the complainant and respondent.

80.     These Defendants admit the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81.     These Defendants assert that the mutual No Contact Order speaks for itself and incorporates, in full, the No Contact Order in response to the allegations of Paragraph 81 of Plaintiff's Amended Complaint.

82.     These Defendants assert that the mutual No Contact Order speaks for itself and incorporates, in full, the No Contact Order in response to the allegations of Paragraph 82 of Plaintiff's Amended Complaint.

83.     These Defendants are not aware of what Plaintiff knows or does not know regarding Title IX regulations.  Further, to the extent that Paragraph 83 asserts what Title IX requires, these Defendants incorporate in full Title IX as to what Title IX requires when investigating a complaint. Finally, these Defendants deny that prohibiting contact with a person alleged to have sexually assaulted Plaintiff was unduly burdensome upon Plaintiff.

11

84.     These Defendants assert that the mutual No Contact Order speaks for itself and incorporates, in full, the No Contact Order in response to the allegations of Paragraph 84 of Plaintiff's Amended Complaint.

85.     These Defendants admit the allegations contained in Paragraph 85 to the extent that prohibiting contact with a person alleged to have sexually assaulted Plaintiff is self evident and requires no further explanation to Plaintiff.

86.     These Defendants admit that the mutual No Contact Order was signed by the Title IX Coordinator.  These Defendants deny that WVSOM "had said nothing to [Plaintiff] about the existence of a Title IX Coordinator" and demand strict proof thereof.

87.     These Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint and demand strict proof thereof.

88.     These Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint and demand strict proof thereof.

89.     These Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint and demand strict proof thereof.

90.     These Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint and demand strict proof thereof.

91.     These Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint and demand strict proof thereof.

92.     These Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint and demand strict proof thereof.

93.     These Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint and demand strict proof thereof.

94.     These Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint and demand strict proof thereof.

95.     These Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint and demand strict proof thereof.

96.     These Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint and demand strict proof thereof.

97.     These Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint and demand strict proof thereof.

98.     These Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint and demand strict proof thereof.

99.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

100.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

101.     These Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint and demand strict proof thereof.

102.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

103.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint and therefore, deny the

same and demand strict proof thereof.

104.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

105.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

106.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

107.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

108.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 108 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

109.    These Defendants deny the allegations contained in paragraph 109 of Plaintiff's Amended Complaint and demand strict proof thereof.

110.    These Defendants deny the allegations contained in paragraph 110 of Plaintiff's Amended Complaint and demand strict proof thereof.

111.    These Defendants deny the allegations contained in paragraph 111 of Plaintiff's Amended Complaint and demand strict proof thereof.

112.    These Defendants deny the allegations contained in paragraph 112 of Plaintiff's

Amended Complaint and demand strict proof thereof.

113.    These Defendants deny the allegations contained in paragraph 113 of Plaintiff's Amended Complaint and demand strict proof thereof.

114.    These Defendants deny the allegations contained in paragraph 114 of Plaintiff's Amended Complaint and demand strict proof thereof.

115.    These Defendants deny the allegations contained in paragraph 115 of Plaintiff's Amended Complaint and demand strict proof thereof.

116.    These Defendants deny the allegations contained in paragraph 116 of Plaintiff's Amended Complaint and demand strict proof thereof.

117.    These Defendants admit that an investigation was conducted involving Stephanie Schuler.

118.    To the extent that Paragraph 118 of Plaintiff's Amended Complaint asserts that Dean Wood was/is the father of Chad Wood and that McGuinness resided with Chad Wood, these Defendants admit.  As for the remaining allegations contained in Paragraph 118 of Plaintiff's Amended Complaint, these Defendants deny the same and demand strict proof thereof.

119.    These Defendants admit that Mr. Shawver assisted in conducting the investigation involving Stephanie Schuler.

120.    These Defendants admit that Mr. Shawver assisted in conducting the investigation involving Stephanie Schuler.

121.    These Defendants admit that the investigation involving Stephanie Schuler concluded after WVSOM issued its report regarding the Title IX Complaint initiated by Plaintiff.

122.    These Defendants deny the allegations contained in paragraph 122 of Plaintiff's Amended Complaint and demand strict proof thereof.

123.     These Defendants deny the allegations contained in paragraph 123 of Plaintiff's Amended Complaint and demand strict proof thereof.

124.     These Defendants deny the allegations contained in paragraph 124 of Plaintiff's Amended Complaint and demand strict proof thereof.

125.     These Defendants deny the allegations contained in paragraph 125 of Plaintiff's Amended Complaint and demand strict proof thereof.

126.     These Defendants deny the allegations contained in paragraph 126 of Plaintiff's Amended Complaint and demand strict proof thereof.

127.     These Defendants deny the allegations contained in paragraph 127 of Plaintiff's Amended Complaint and demand strict proof thereof.

128.     These Defendants deny the allegations contained in paragraph 128 of Plaintiff's Amended Complaint and demand strict proof thereof.

129.     These Defendants deny the allegations contained in paragraph 129 of Plaintiff's Amended Complaint and demand strict proof thereof.

130.     These Defendants deny the allegations contained in paragraph 130 of Plaintiff's Amended Complaint and demand strict proof thereof.

131.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 131 of Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

132.     These Defendants deny that WVSOM permitted Title IX to be jeered at and belittled. As for the remaining allegations contained in Paragraph 132, these Defendants admit Dr. Peter Ward made comments on Facebook regarding Title IX training.

133.     These Defendants admit that students replied to Dr. Peter Ward's comment on

16

Facebook regarding Title IX training.

134.    These Defendants deny the allegations contained in paragraph 134 of Plaintiff's Amended Complaint and demand strict proof thereof.

135.    These Defendants deny the allegations contained in paragraph 135 of Plaintiff's Amended Complaint and demand strict proof thereof.

136.    These Defendants deny the allegations contained in paragraph 136 of Plaintiff's Amended Complaint and demand strict proof thereof.

137.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 137 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

138.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 138 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

139.    These Defendants admit the allegations contained in Paragraph 139 of Plaintiff's Amended Complaint.

140.    In response to Paragraph 140 of Plaintiff's Amended Complaint, these Defendants assert that the Confidential Report of Investigation speaks for itself and incorporate in full the Confidential Report of Investigation.

141.    In response to Paragraph 141 of Plaintiff's Amended Complaint, these Defendants assert that the Confidential Report of Investigation speaks for itself and incorporate in full the Confidential Report of Investigation.

142.    In response to Paragraph 142 of Plaintiff's Amended Complaint, these Defendants assert that the Confidential Report of Investigation speaks for itself and incorporate in full the

Confidential Report of Investigation.

143.    These Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Amended Complaint and demand strict proof thereof.

144.    These Defendants are without sufficient information or knowledge in order to admit or deny the allegations contained in Paragraph 144 of Plaintiff's Amended Complaint and therefore deny the same and demand strict proof thereof.

145.    In response to Paragraph 140 of Plaintiff's Amended Complaint, these Defendants assert that the Confidential Report of Investigation speaks for itself and incorporate in full the Confidential Report of Investigation.

146.    These Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Amended Complaint and demand strict proof thereof.

147.    These Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Amended Complaint and demand strict proof thereof.

148.    These Defendants deny the allegations contained in Paragraph 148 of Plaintiff's Amended Complaint and demand strict proof thereof.

149.    These Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Amended Complaint, as well as deny the allegations of each subpart contained therein, and demand strict proof thereof.

150.    These Defendants admit that comments were made by a student to Plaintiff on Facebook, but deny that no remedial actions were taken as a result of the comments.

151.    These Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Amended Complaint and demand strict proof thereof.

152.    To the extent Paragraph 152 makes allegations regarding actions/inactions and/or

statements made by or attributed to Dean Schriefer, these Defendants are without sufficient information or knowledge in order to admit or deny said allegations and therefore deny the same and demand strict proof thereof.   To the extent the allegations contained in this paragraph makes allegations directed at Dr. Adelman, these Defendants admit that Dr. Adelman made a statement to the effect that he would do anything to help Plaintiff, including but not limited to contacting other medical schools.   However, said statements were made <u>after</u> Plaintiff announced her intention to withdraw from WVSOM.   Further, these Defendants deny that said statements were made to "effectuate her removal from campus".   Finally, these Defendants deny that said statements were made "so that she could end her tenure at WVSOM as soon as feasible", specifically because Plaintiff had already ended her tenure through her withdrawal from WVSOM.

153.   These Defendants deny the allegations contained in Paragraph 153 of Plaintiff's Amended Complaint and demand strict proof thereof.

154.   These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 154 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

155.   These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 155 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

156.   These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 156 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

157.   These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 157 of Plaintiff's Amended Complaint and therefore, deny the

same and demand strict proof thereof.

158.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 158 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

159.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 159 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

160.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 160 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

161.    These Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Amended Complaint and demand strict proof thereof.

162.    These Defendants assert that Plaintiff was offered a personal escort to class. However, these Defendants deny the remaining allegations contained in Paragraph 162 of Plaintiff's Amended Complaint and demand strict proof thereof.

163.    These Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Amended Complaint and demand strict proof thereof.

164.    These Defendants deny the allegations contained in Paragraph 164 of Plaintiff's Amended Complaint and demand strict proof thereof.

165.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 165 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

166.    These Defendants are without sufficient information or knowledge to admit or deny

the allegations contained in Paragraph 166 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

167.    These Defendants admit the allegations contained in Paragraph 167 of Plaintiff's Amended Complaint.

168.    These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 168 of Plaintiff's Amended Complaint and therefore, deny the same and demand strict proof thereof.

169.    These Defendants admit that Plaintiff submitted drug test results, although the specimen donor was not listed as Nicole Rex.  Further, these Defendants admit that the investigation was not reopened.

170.    These Defendants admit the allegations contained in Paragraph 170 of Plaintiff's Amended Complaint.

171.    These Defendants admit that Plaintiff transferred to another medical school.  These Defendants are without sufficient information or knowledge as to whether Plaintiff had to repeat her first year and therefore, deny the same and demand strict proof thereof.

172.    These Defendants admit the allegations contained in Paragraph 172 of Plaintiff's Amended Complaint.

173.    These Defendants admit that McGuinness was reprimanded for his violation(s) of the policies and procedures of WVSOM.

174.    These Defendants admit the allegations contained in Paragraph 174 of Plaintiff's Amended Complaint.

175.    Upon information and belief, these Defendants admit the allegations contained in Paragraph 175 of Plaintiff's Amended Complaint.

176.    These Defendants deny that they refused to cooperate in the OCR investigation and therefore, deny that such a statement was made to Plaintiff and demand strict proof thereof.

177.    These Defendants deny the allegations contained in Paragraph 177 of Plaintiff's Amended Complaint and demand strict proof thereof.

178.    These Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Amended Complaint and demand strict proof thereof.

179.    These Defendants deny the allegations contained in Paragraph 179 of Plaintiff's Amended Complaint and demand strict proof thereof.

180.    These Defendants deny the allegations contained in Paragraph 180 of Plaintiff's Amended Complaint and demand strict proof thereof.

181.    These Defendants incorporate in full their responses to all prior paragraphs.

182.    These Defendants deny the allegations contained in Paragraph 182 of Plaintiff's Amended Complaint and demand strict proof thereof.

183.    These Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Amended Complaint, as well as each discreet subpart contained therein, and demand strict proof thereof.

184.    These Defendants deny the allegations contained in Paragraph 184 of Plaintiff's Amended Complaint and demand strict proof thereof.

185.    These Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Amended Complaint and demand strict proof thereof.

186.    These Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Amended Complaint and demand strict proof thereof.

187.    These Defendants incorporate in full their responses to all prior paragraphs.

188.   These Defendants deny the allegations contained in Paragraph 188 of Plaintiff's Amended Complaint and demand strict proof thereof.

189.   These Defendants deny the allegations contained in Paragraph 189 of Plaintiff's Amended Complaint and demand strict proof thereof.

190.   These Defendants deny the allegations contained in Paragraph 190 of Plaintiff's Amended Complaint and demand strict proof thereof.

191.   These Defendants deny the allegations contained in Paragraph 191 of Plaintiff's Amended Complaint and demand strict proof thereof.

192.   These Defendants deny the allegations contained in Paragraph 192 of Plaintiff's Amended Complaint and demand strict proof thereof.

193.   These Defendants deny the allegations contained in Paragraph 193 of Plaintiff's Amended Complaint and demand strict proof thereof.

194.   These Defendants incorporate in full their responses to all prior paragraphs.

195.   This claim has been dismissed by Plaintiff and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 195 of Plaintiff's Amended Complaint and demand strict proof thereof.

196.   This claim has been dismissed by Plaintiff and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 196 of Plaintiff's Amended Complaint and demand strict proof thereof.

197.   This claim has been dismissed by Plaintiff and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 197 of Plaintiff's Amended Complaint and demand strict proof thereof.

198.   This claim has been dismissed by Plaintiff and no response is necessary.  To the

extent a response is necessary, these Defendants deny the allegations contained in Paragraph 198 of Plaintiff's Amended Complaint and demand strict proof thereof.

199.    This claim has been dismissed by Plaintiff and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 199 of Plaintiff's Amended Complaint and demand strict proof thereof.

200.    This claim has been dismissed by Plaintiff and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 200 of Plaintiff's Amended Complaint and demand strict proof thereof.

201.    These Defendants incorporate in full their responses to all prior paragraphs.

202.    The allegations contained in Paragraph 202 of Plaintiff's Amended Complaint contain legal conclusions for which no response is necessary.  To the extent a response is necessary, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

203.    The allegations contained in Paragraph 203 of Plaintiff's Amended Complaint contain legal conclusions for which no response is necessary.  To the extent a response is necessary, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

204.    These Defendants deny the allegations contained in Paragraph 204 of Plaintiff's Amended Complaint and demand strict proof thereof.

205.    These Defendants deny the allegations contained in Paragraph 205 of Plaintiff's Amended Complaint and demand strict proof thereof.

206.    These Defendants deny the allegations contained in Paragraph 206 of Plaintiff's Amended Complaint and demand strict proof thereof.

207.    These Defendants deny the allegations contained in Paragraph 207 of Plaintiff's Amended Complaint and demand strict proof thereof.

24

208.    These Defendants deny the allegations contained in Paragraph 208 of Plaintiff's Amended Complaint and demand strict proof thereof.

209.    These Defendants incorporate in full their responses to all prior paragraphs.

210.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 210 of Plaintiff's Amended Complaint and demand strict proof thereof.

211.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 211 of Plaintiff's Amended Complaint and demand strict proof thereof.

212.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 212 of Plaintiff's Amended Complaint and demand strict proof thereof.

213.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 213 of Plaintiff's Amended Complaint and demand strict proof thereof.

214.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 214 of Plaintiff's Amended Complaint and demand strict proof thereof.

215.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 215 of Plaintiff's Amended Complaint and demand strict proof thereof.

216.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 216 of

Plaintiff's Amended Complaint and demand strict proof thereof.

217.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 217 of Plaintiff's Amended Complaint and demand strict proof thereof.

218.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 218 of Plaintiff's Amended Complaint and demand strict proof thereof.

219.    These Defendants incorporate in full their responses to all prior paragraphs.

220.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 220 of Plaintiff's Amended Complaint and demand strict proof thereof.

221.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 221 of Plaintiff's Amended Complaint and demand strict proof thereof.

222.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 222 of Plaintiff's Amended Complaint and demand strict proof thereof.

223.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 223 of Plaintiff's Amended Complaint and demand strict proof thereof.

224.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 224 of Plaintiff's Amended Complaint and demand strict proof thereof.

225.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 225 of Plaintiff's Amended Complaint and demand strict proof thereof.

226.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 226 of Plaintiff's Amended Complaint and demand strict proof thereof.

227.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 227 of Plaintiff's Amended Complaint and demand strict proof thereof.

228.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 228 of Plaintiff's Amended Complaint and demand strict proof thereof.

229.    These Defendants incorporate in full their responses to all prior paragraphs.

230.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 230 of Plaintiff's Amended Complaint and demand strict proof thereof.

231.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 231 of Plaintiff's Amended Complaint and demand strict proof thereof.

232.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 232 of Plaintiff's Amended Complaint and demand strict proof thereof.

233.    This claim has been dismissed by the Court and no response is necessary.  To the

extent a response is necessary, these Defendants deny the allegations contained in Paragraph 233 of Plaintiff's Amended Complaint and demand strict proof thereof.

234.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 234 of Plaintiff's Amended Complaint and demand strict proof thereof.

235.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 235 of Plaintiff's Amended Complaint and demand strict proof thereof.

236.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 236 of Plaintiff's Amended Complaint and demand strict proof thereof.

237.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 237 of Plaintiff's Amended Complaint and demand strict proof thereof.

238.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 223828 of Plaintiff's Amended Complaint and demand strict proof thereof.

239.    These Defendants incorporate in full their responses to all prior paragraphs.

240.    These Defendants assert that this claim is barred by the applicable statute of limitations.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 240 of Plaintiff's Amended Complaint and demand strict proof thereof.

241.    These Defendants assert that this claim is barred by the applicable statute of limitations.  To the extent a response is necessary, these Defendants deny the allegations contained in

28

Paragraph 241 of Plaintiff's Amended Complaint and demand strict proof thereof.

242.    These Defendants assert that this claim is barred by the applicable statute of limitations. To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 242 of Plaintiff's Amended Complaint and demand strict proof thereof.

243.    These Defendants assert that this claim is barred by the applicable statute of limitations. To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 243 of Plaintiff's Amended Complaint and demand strict proof thereof.

244.    These Defendants assert that this claim is barred by the applicable statute of limitations. To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 244 of Plaintiff's Amended Complaint and demand strict proof thereof.

245.    These Defendants assert that this claim is barred by the applicable statute of limitations. To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 245 of Plaintiff's Amended Complaint and demand strict proof thereof.

246.    These Defendants incorporate in full their responses to all prior paragraphs.

247.    The allegations contained in Paragraph 247 of Plaintiff's Amended Complaint contain legal conclusions for which no response is necessary. To the extent a response is necessary, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

248.    The allegations contained in Paragraph 248 of Plaintiff's Amended Complaint contain legal conclusions for which no response is necessary. To the extent a response is necessary, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

249.    The allegations contained in Paragraph 249 of Plaintiff's Amended Complaint contain legal conclusions for which no response is necessary. To the extent a response is necessary, these Defendants deny any wrongdoing and deny any liability to Plaintiff.

250.    These Defendants deny the allegations contained in Paragraph 250 of Plaintiff's Amended Complaint and demand strict proof thereof.

251.    These Defendants deny the allegations contained in Paragraph 251 of Plaintiff's Amended Complaint and demand strict proof thereof.

252.    These Defendants incorporate in full their responses to all prior paragraphs.

253.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants incorporates WVSOM's sexual harassment policy, in full, in response to these allegations.

254.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants incorporates WVSOM's sexual harassment policy, in full, in response to these allegations.

255.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants incorporates WVSOM's sexual harassment policy, in full, in response to these allegations.

256.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants incorporates WVSOM's sexual harassment policy, in full, in response to these allegations.

257.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 257 of Plaintiff's Amended Complaint and demand strict proof thereof.

258.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 258 of Plaintiff's Amended Complaint and demand strict proof thereof.

259.    This claim has been dismissed by the Court and no response is necessary.  To the extent a response is necessary, these Defendants deny the allegations contained in Paragraph 259 of Plaintiff's Amended Complaint and demand strict proof thereof.

260.    These Defendants incorporate in full their responses to all prior paragraphs.

261.    These Defendants deny the allegations contained in Paragraph 261 of Plaintiff's Amended Complaint and demand strict proof thereof.

262.    These Defendants deny the allegations contained in Paragraph 262 of Plaintiff's Amended Complaint and demand strict proof thereof.

263.    These Defendants deny the allegations contained in Paragraph 263 of Plaintiff's Amended Complaint and demand strict proof thereof.

264.    These Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

265.    These Defendants deny the allegations contained in Paragraph 265 of Plaintiff's Amended Complaint and demand strict proof thereof.

266.    These Defendants incorporate in full their responses to all prior paragraphs.

267.    These Defendants deny the allegations contained in Paragraph 267 of Plaintiff's Amended Complaint and demand strict proof thereof.

268.    These Defendants deny the allegations contained in Paragraph 268 of Plaintiff's Amended Complaint and demand strict proof thereof.

269.    These Defendants deny the allegations contained in Paragraph 269 of Plaintiff's Amended Complaint and demand strict proof thereof.

270.    These Defendants deny the allegations contained in Paragraph 270 of Plaintiff's Amended Complaint and demand strict proof thereof.

271.    These Defendants deny any and all allegations contained in the "WHEREFORE" clause and each discreet subpart therein, and deny that Plaintiff is entitled to the relief requested.

272.    These Defendants deny each and every allegation contained in Plaintiff's Amended Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

### First Defense

The Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

### Second Defense

These Defendants assert, so as not to waive, any and all affirmative defenses provided for in Rules 8, 9, and 12 of the *Federal Rules of Civil Procedure,* including accord and satisfaction, assumption of the risk, contributory negligence, comparative negligence, estoppel, fraud, unclean hands, laches, payment, release, failure to mitigate damages, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense.

### Third Defense

These Defendants raise, so as not waive, any and all defenses provided for in Rule 12 of the *Federal Rules of Civil Procedure,* including lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join an indispensible party.

### Fourth Defense

WVSOM did not violate Title IX.  Further, WVSOM complied with its mandates under Title IX, including but limited to all procedural requirements, conducting a prompt and equitable

investigation and preventing sex discrimination from occurring into the future.

### Fifth Defense

These Defendants did not discriminate against Plaintiff on the basis of her sex.  Further, these Defendants did not violate Plaintiff's right to personal security and bodily integrity.

### Sixth Defense

All actions taken by these Defendants did not violate any clearly established laws, thereby entitling these Defendants to qualified immunity.

### Seventh Defense

These Defendants acted reasonably and in good faith with respect to each action taken by these Defendants.

### Eighth Defense

Plaintiff's injuries or damages, if any, were caused by the actions of others for whose conduct these Defendants were not responsible and who were not under their control.

### Ninth Defense

These Defendants hereby raise and assert any and all immunities and limitations of liability and damages available to him, including but not limited to qualified immunity, statutory immunity, constitutional immunity, and 11th Amendment immunity.

### Tenth Defense

To the extent that Plaintiff seeks punitive damages, his Complaint violates these Defendants' rights to procedural due process and equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of West Virginia.

### Eleventh Defense

These Defendants assert that Plaintiff, by her actions, may have failed to mitigate her

damages or, in the alternate, if Plaintiff has mitigated her damages, then Defendants are entitled to have those mitigated damages credited to those amounts, if any, owed by these Defendants to Plaintiff.

### **Twelfth Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

### **Thirteenth Defense**

These Defendants reserve the right to raise any and all further defenses which may arise during the course of litigation.

**WHEREFORE**, having fully responded to Plaintiff's Amended Complaint, these Defendants respectfully request that they be dismissed from this action and that they be awarded their costs, including any attorney fees and expenses expended herein.

### **THESE DEFENDANTS DEMAND A TRIAL BY JURY.**

**WEST   VIRGINIA   SCHOOL   OF OSTEOPATHIC   MEDICINE,   MICHAEL ADELMAN,   LESLIE   BICKSLER   and ELAINE SOPER,**
**By Counsel,**

**  /s/ David E. Schumacher               **
**David E. Schumacher (WV Bar # 3304)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**dschumacher@baileywyant.com**
**mtaylor@baileywyant.com**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**NICOLE REX,**

    **Plaintiff,**

**v.**                                                                                          **Civil Action No. 5:15-cv-01017**
                                                                                                    **Honorable Irene Berger**

**WEST VIRGINIA SCHOOL OF**
**OSTEOPATHIC MEDICINE, MICHAEL**
**ADELMAN in his official and individual**
**capacity, LESLIE BICKSLER in her**
**official and individual capacity, ELAINE**
**SOPER in her official and individual**
**capacity, and JEFFREY SHAWVER in his**
**official and individual capacity, and**
**TIFFANY WRIGHT,**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of foregoing "DEFENDANTS WEST VIRGINIA SCHOOL OF OSTEOPATHIC MEDICINE, MICHAEL ADELMAN, LESLIE BICKSLER AND ELAINE SOPER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, August 21, 2015:

James R. Marsh
The Marsh Law Firm PLLC
P.O. Box 4668 #65135
New York, NY  10163
Email Address: jamesmarsh@marshlaw.us
Attorney For: Nicole Rex

Rachel Hanna
P.O. Box 871
117 East Washington Street
Lewisburg, WV  24901-0871
Email Address: rachelhanna@rachelhanna.com
Attorney For: Nicole Rex

__/s/ David E. Schumacher_____
**David E. Schumacher (WV Bar # 3304)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**dschumacher@baileywyant.com**
**mtaylor@baileywyant.com**