IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**NICOLE REX,**

    **Plaintiff,**

v.                                                                                                                                Civil Action No. 5:15-cv-01017
                                                                                                                  Honorable Irene Berger

**WEST VIRGINIA SCHOOL OF
OSTEOPATHIC MEDICINE, MICHAEL
ADELMAN in his official and individual
capacity, LESLIE BICKSLER in her
official and individual capacity, ELAINE
SOPER in her official and individual
capacity, and JEFFREY SHAWVER in his
official and individual capacity, and
TIFFANY WRIGHT,**

    **Defendants.**

### PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

        **I.    DISCOVERY PHASE**

    **A.**    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

    **B.**    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the

1

dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

  **C.** No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

  **D.** Any document or other material which is marked "**CONFIDENTIAL,**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

  **E.** If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

  **1.** Provide a copy of this Protective Order to the person to whom disclosure is made;

  **2.** Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

  **3.** Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and

thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order or, with permission of the disclosing party or attorney, destroy the records and provide a certificate of compliance with the terms of this Protective Order to the disclosing party or attorney.

## II.     POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the *Administrative Procedures for Electronic Filing in the Southern District of West Virginia* § 12, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8-9 (1986); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

**ENTER: March 9, 2016.**

Omar J. Aboulhosn
United States Magistrate Judge

Parties and Counsel:

 /s/ David E. Schumacher
**David E. Schumacher (WV Bar # 3304)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**dschumacher@baileywyant.com**
**mtaylor@baileywyant.com**
*Counsel for*:  *Defendants WVSOM, Michael Adelman, Leslie Bicksler and Elaine Soper*

   /s/ Jennifer Freeman
**James R. Marsh (*pro hac vice pending*)**
**Jennifer Freeman (*pro hac vice pending*)**
**P.O. Box 4668 #65135**
**New York, New York 10163-4668**
**Telephone/Fax:  (212) 372-3030**
**jamesmarsh@marshlaw.us**
**jenniferfreeman@marshlaw.us**
*Counsel for*:  *Plaintiff Nicole Rex*

    /s/ Rachel Hanna
**Rachel Hanna (WV Bar #9767)**
**Sponsoring Attorney**
**P.O. Box 871**
**117 East Washing Street**
**Lewisburg, West Virginia 24901**
**T:  (304)-792-4529**
**rachelhanna@rachelhann.com**
*Counsel for*:  *Plaintiff Nicole Rex*