## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**NICOLE REX,**

    **Plaintiff,**

**v.**

**West Virginia School of Osteopathic Medicine, Michael Adelman in his official and individual capacity, Leslie Bicksler in her official and individual capacity, Elaine Soper in her official and individual capacity, and Jeffrey Shawver in his official and individual capacity.**

    **Defendants.**

**Civil Action No. 5:15-cv-01017**
**Honorable Irene Berger**

### ORDER GOVERNING TREATMENT OF PROTECTED NON-PARTY EDUCATION RECORDS SOUGHT IN DISCOVERY

    Plaintiff brings this action against Defendants alleging various violations, including Title IX and the Due Process Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff has issued requests for discovery and seeks, among other things, documents pursuant to Fed. R. Civ. Pro. 34 that may constitute the "education records" of non-party current or former West Virginia School of Osteopathic Medicine ("WVSOM") students, as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, and may include personally identifiable information. Specifically, at issue and subject to this Order are records related to a Title IX investigation into a complaint of an off-campus sexual assault of Plaintiff, in which the accused was a student at WVSOM and many witnesses to the relevant facts

of the alleged off-campus sexual assault were students.  Further, subject to this Order are certain education records pertaining to the individual accused of committing the sexual assault.

Non-party student records identified herein may be released pursuant to a judicial order, without the students' prior consent, as set forth in 20 U.S.C. §1232g(b) and 34 C.F.R. § 99.31(a)(9)(i), provided that the student whose education records are at issue has an opportunity to seek protective action.

In response to Plaintiff's discovery requests, subject to their FERPA obligations, Defendants are required to produce certain documents requested by Plaintiff that may implicate FERPA or otherwise include educational records or personally identifiable information governed by FERPA.

Based upon the foregoing, the Court hereby **FINDS** the documents requested by Plaintiff specifically referenced herein are discoverable in this matter.  The Court further **FINDS** that the records requested are "education records" protected by FERPA.  Finally, the Court **FINDS** that the specifically referenced documents may be disclosed without the students' prior consent provided that the student whose education records are at issue has an opportunity to seek protective action.

Based upon the foregoing findings, **IT IS HEREBY ORDERED** as follows:

1.      This Order hereby authorizes Defendants to produce the following documents in accordance with 20 U.S.C. §1232g(b) and 34 C.F.R. § 99.31(a)(9)(i), provided that the notice protocol set forth in Sections 3-7 are followed:

a.      Records related to a Title IX investigation into a complaint of an off-campus sexual assault of Plaintiff, in which the accused was a student at WVSOM and many witnesses to the relevant facts of the alleged off-campus sexual assault were students, whether contained in a separate investigation file, student file(s) and/or employee file(s); and

b.      Disciplinary records of the accused student prior to the alleged sexual assault and disciplinary records directly related to the Title IX investigation explained in subpart a immediately above.

2.      Nothing in this Order waives or adjudicates any non-FERPA-related objection Defendants may have to Plaintiff's discovery requests or waives or adjudicates any non-FERPA-related objections Defendants may have to the non-party's education records or certain portions of the non-party's education records.

3.      The protocol in this Order is adopted for treatment of documents and information that constitute the education records of non-party current or former West Virginia School of Osteopathic Medicine students, as defined by FERPA.  Nothing in this Order precludes the parties from seeking additional Orders or pursuing other proper means in order to obtain additional records as to which FERPA or any other objection has been or will be raised.

4.      Before producing any education record, Defendant(s) shall make a reasonable effort in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the non-party student(s) whose record is to be disclosed in discovery. Students whose education records are to be disclosed shall receive this notice, as well as students identified in such education records. The notice shall provide the following:

> Date of Notice: --------
>
> A party in the lawsuit entitled *Nicole Rex v. West Virginia School of Osteopathic Medicine, et al.,* Case No. 5:15-cv-01017, now pending before the United States District Court for the Southern District of West Virginia, Beckley Division, has requested certain records maintained by Defendant West Virginia School of Osteopathic Medicine relating to allegations of sexual misconduct. The Court has ordered that Defendants produce these records, pursuant to a Protective Order, a copy of which is enclosed. Certain of your education records are subject to this request.

Defendants are required by law to make a reasonable effort to notify you that certain of your education records, as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, in the above-identified category may be produced pursuant to the judicial order so that you may seek protective action if you wish. Federal law permits disclosure of education records without prior written consent if the disclosure is to comply with a judicial order, following a reasonable effort to notify any affected students to allow the affected student to seek protective action.

The Court's Order allows fourteen (14) days from the date of this notice during which time you may seek protective action in accordance with 34 C.F.R. § 99.31(a)(9)(ii). You may do so by submitting a letter to the court at the address below.

**Any objections to the production of requested records should be sent to the Court's mailing address within fourteen (14) days from the date of the notice to you:**

Clerk's Office
U.S. District Court
110 North Heber Street,
Room 119
Beckley, WV 25801

You may seek further information by visiting the Court's website at http://www.wvsd.uscourts.gov/

Defendants cannot provide legal advice to individuals receiving this notice; however, you have a right to seek independent counsel if you wish. If you wish to seek protective action, any such request must be received by the Court no later than 14 days after the date on this notice.

Copies of the relevant federal regulations and the pertinent Court orders should be enclosed with the letter. The notice shall not include any other instructions from Defendants. Officials speaking on behalf of Defendants may not provide legal advice to any non-party student with respect to the notice, but if any such official is contacted by a student, that person may state that the student may advise the Court directly of any concerns the student may have, and may generally describe the nature of the student's records in question.

4

5.      After the fourteen-day notice period expires, and after allowing sufficient time for the Court to advise of any requests for protective action, Defendants shall promptly make available the records for which no request for protective action was made by the respective non-party student. Such records will be made available without redactions and with all personally identifiable information included. If any request for protective action is made by a non-party student during the fourteen-day period, then that non-party student's records shall not be released without further instruction from the Court.

6.      The non-party student records subject to this Order are to be treated as Confidential pursuant to the Protective Order entered by the Court.

7.      To the extent any non-party student's records are submitted to this Court, personally identifiable information shall be redacted therefrom, unless consent is given in writing in advance. Alternatively, the parties can elect to file non-redacted versions under seal pursuant to the parties' Protective Order.

**IT IS SO ORDERED.**

DATED:  October 6, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

Agreed to by:

 **/s/ David E. Schumacher**
**David E. Schumacher (WV Bar # 3304)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**

T:  (304) 345-4222
F:  (304) 343-3133
dschumacher@baileywyant.com
mtaylor@baileywyant.com
*Counsel for*:  *Defendants WVSOM, Michael Adelman, Leslie Bicksler and Elaine Soper*


  /s/ Jennifer Freeman
**James R. Marsh (*pro hac vice pending*)**
**Jennifer Freeman (*pro hac vice pending*)**
**P.O. Box 4668 #65135**
**New York, New York 10163-4668**
**Telephone/Fax:  (212) 372-3030**
**jamesmarsh@marshlaw.us**
**jenniferfreeman@marshlaw.us**
*Counsel for*:  *Plaintiff Nicole Rex*


  /s/ Rachel Hanna
**Rachel Hanna (WV Bar #9767)**
**Sponsoring Attorney**
**P.O. Box 871**
**117 East Washing Street**
**Lewisburg, West Virginia 24901**
**T:  (304)-792-4529**
**rachelhanna@rachelhann.com**
*Counsel for*:  *Plaintiff Nicole Rex*