## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY

**NICOLE REX,**

    **Plaintiff,**

**v.**                                           **Civil Action No. 5:15-cv-01017**
                                                   **Honorable Irene Berger**

**West Virginia School of Osteopathic
Medicine, Michael Adelman in his official
and individual capacity, Leslie Bicksler in
her official and individual capacity, Elaine
Soper in her official and individual
capacity, and Jeffrey Shawver in his
official and individual capacity, and
Tiffany Wright,**

    **Defendants.**

## ORDER GOVERNING TREATMENT OF PROTECTED NON-PARTY EMPLOYMENT RECORDS SOUGHT IN DISCOVERY

       Plaintiff brings this action against Defendants alleging various violations, including Title IX and the Due Process Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U. S. C. § 1983. Plaintiff has issued requests for discovery and seeks, among other things, documents and information that constitute employment records of non-party current or former employees of Defendant West Virginia School of Osteopathic Medicine ("WVSOM"). Specifically, at issue and subject to this Order are records related to the employment file of one  non-party employee and disciplinary/investigative records regarding two other current employees  of WVSOM. Defendants objected to the production of these documents based upon, *inter alia*, the privacy rights said non-parties have in their employment/disciplinary files.

While Defendants maintain non-privacy objections to portions of the aforementioned requested documents, including any information that may be deemed protected by Attorney-Client Privilege or Work-Product Doctrine, the parties seek guidance from the Court as to the procedure in which to notify the non-parties that certain employment records have been requested and provide the non-party an opportunity to object to the limited disclosure thereof.

Based upon the foregoing, the Court hereby **FINDS** that non-party current or former employees of Defendant WVSOM have a privacy interest in their employment files.   The Court further **FINDS** that the non-party employment records may be disclosed, subject to any additional objections raised regarding information protected by Attorney-Client Privilege and/or Work-Product doctrine, without the current or former employee's prior consent provided that the employee whose employment records are at issue has an opportunity to seek protective action.

Based upon the foregoing findings, **IT IS HEREBY ORDERED** as follows:

1.      To the extent that any of the discovery requests made by Plaintiff seek documents and information that constitute employment records of non-party current or former employees of WVSOM, this Order hereby authorizes Defendants to produce such documents and information, provided that the notice protocol set forth in Sections 3-7 are followed.

2.      Nothing in this Order waives or adjudicates any non-privacy-related objection Defendants may have to Plaintiff's discovery requests, waives or adjudicates any non-privacy-related objections Defendants may have to the non-party's employment records or certain portions of the non-party's employment records, including but not limited to any objections that all or part of the employment records contain information that is protected by Attorney-Client Privilege and/or Work-Product Doctrine, or waives or adjudicates Plaintiff's responses to/arguments about

such privacy-related objection, including Plaintiff's right to respond to such objection and/or argue as to the proper adjudication of such objection.

3.      The protocol in this Order is adopted for treatment of documents and information that constitute the employment records of non-party current or former WVSOM employees.

4.      Before producing any employment record, Defendant(s) shall make a reasonable effort to notify the non-party employee(s) whose record is to be disclosed in discovery. Employees whose employment records are to be disclosed shall receive this notice. The notice shall provide the following:

> Date of Notice: --------
>
> A party in the lawsuit entitled *Nicole Rex v. West Virginia School of Osteopathic Medicine, et al.,* Case No. 5:15-cv-01017, now pending before the United States District Court for the Southern District of West Virginia, Beckley Division, has requested certain records maintained by Defendant West Virginia School of Osteopathic Medicine relating to allegations of sexual misconduct. The Court has ordered that Defendants produce these records, pursuant to a Protective Order, a copy of which is enclosed. Certain of your employment records are subject to this request.
>
> Defendants are required by this Order to make a reasonable effort to notify you that certain of your employment records may be produced pursuant to the judicial order so that you may seek protective action if you wish.
>
> The Court's Order allows fourteen (14) days from the date of this notice during which time you may seek protective action. You may do so by submitting a letter to the court at the address below.
>
> **Any objections to the production of requested records should be sent to the Court's mailing address within fourteen (14) days from the date of the notice to you:**
>
> Clerk's Office
> U.S. District Court
> 110 North Heber Street,
> Room 119
> Beckley, WV 25801

> You may seek further information by visiting the Court's website at http://www.wvsd.uscourts.gov/
>
> Defendants cannot provide legal advice to individuals receiving this notice; however, you have a right to seek independent counsel if you wish. If you wish to seek protective action, any such request must be received by the Court no later than 14 days after the date on this notice.

5.     The notice shall not include any other instructions from Defendants. Officials speaking on behalf of Defendants may not provide legal advice to any non-party employee with respect to the notice, but if any such official is contacted by an employee, that person may state that the employee may advise the Court directly of any concerns the employee may have, and may generally describe the nature of the employee's records in question.

5.     After the fourteen-day notice period expires, and after allowing sufficient time for the Court to advise of any requests for protective action, Defendants shall promptly make available the records for which no request for protective action was made by the respective non-party employee. Such records will be made available, subject to the redactions required by *West Virginia Code* § 5-10B-12, as well as the redaction of any employee name identified in the employment record who is not the focus of the employment record requested. If any request for protective action is made by a non-party employee during the fourteen-day period, then that non-party employee's records shall not be released without further instruction from the Court.

6.     The non-party employee records subject to this Order are to be treated as Confidential pursuant to the Protective Order entered by the Court.

      7.     To the extent any non-party employee's records are submitted to this Court, personally identifiable information shall be redacted therefrom, unless consent is given in writing in advance. Alternatively, the parties can elect to file non-redacted versions under seal pursuant to the parties' Protective Order.

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

              ENTER:        October 21, 2016

              IRENE C. BERGER
         UNITED STATES DISTRICT JUDGE
      SOUTHERN DISTRICT OF WEST VIRGINIA

Agreed to by:

 /s/ David E. Schumacher
**David E. Schumacher (WV Bar # 3304)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: (304) 345-4222**
**F: (304) 343-3133**
**dschumacher@baileywyant.com**
**mtaylor@baileywyant.com**
***Counsel for: Defendants WVSOM, Michael Adelman, Leslie Bicksler and Elaine Soper***

 /s/ Jennifer Freeman
**James R. Marsh (*pro hac vice pending*)**
**Jennifer Freeman (*pro hac vice pending*)**
**P.O. Box 4668 #65135**
**New York, New York 10163-4668**
**Telephone/Fax: (212) 372-3030**
**jamesmarsh@marshlaw.us**
**jenniferfreeman@marshlaw.us**
***Counsel for: Plaintiff Nicole Rex***

 /s/ Rachel Hanna
_____
**Rachel Hanna (WV Bar #9767)**
**Sponsoring Attorney**
**P.O. Box 871**
**117 East Washing Street**
**Lewisburg, West Virginia 24901**
**T:  (304)-792-4529**
**rachelhanna@rachelhann.com**
***Counsel for:  Plaintiff Nicole Rex***